United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-30904
Summary Calendar

NORMAN JAMES GALLIEN,

Plaintiff-Appellant,

VERSUS

UNITED STATES OF AMERICA, ET AL.,

Defendants,

UNITED STATES OF AMERICA, on behalf of United States Department of
Army, on behalf of United States Department of the Air Force;
HERBERT J. COMEAUX, Individually & in his official capacity; LLOYD
M. BOURQUE, JR., Individually & in his official capacity; LOUISIANA
MILITARY DEPARTMENT,

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Louisiana, Lake Charles Division

(01-CV-373)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Norman Gallien appeals from the district court's grant of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary judgment to defendants United States, et al., on his claim alleging that his honorable discharge from military duty occurred for improper, discriminatory reasons. We review the district court's grant of summary judgment de novo, applying the same standards used in that court. *Rogers v. International Marine Terminals*, 87 F. 3d 755, 758 (5th Cir. 1996).

Appellant began his service with the Louisiana National Guard in 1984. He was separated from service with an honorable discharge in February, 2000, based on medical reasons. He brought suit against defendants, his federal and state employers and supervisors, claiming that his dismissal actually resulted from discrimination and a "vendetta" against him. The defendants moved to dismiss the suit on several grounds. The district court dismissed for lack of subject matter jurisdiction and did not reach the other grounds.

We agree with the district court that this suit should be dismissed for lack of subject matter jurisdiction. Courts have long recognized that plaintiffs are restricted from bringing actions of this kind against their military employers and superiors. *See, e.g., United States v. Stanley*, 483 U.S. 669 (1987); *Chappell v. Wallace*, 462 U.S. 262 (1983); *Feres v. United States*, 340 U.S. 135 (1950); *Holdiness v. Stroud*, 808 F.2d 417 (5th Cir. 1987); *Gonzalez v. Department of the Army*, 718 F.2d 926 (9th Cir. 1983).

The judgment of the district court is AFFIRMED.